## J. H. D. BOWMAN, RECEIVER, v. ALICE ROE ET AL.

1. TAX ASSESSMENT. *Meeting of supervisors to examine. Six days' limitation in Code 1871. Amendatory act.*

   The provision of § 1685 of the Code of 1871, limiting to six days the meetings of boards of supervisors to examine and act upon assessment rolls, was not repealed by the act of March 16, 1875, entitled "An act to amend §§ 1684 and 1685 of the Code of 1871, in relation to the returns of the assessment rolls," and which provided that boards of supervisors should meet on the first Monday of July instead of the first Monday of August, as prescribed in § 1685 of the code, "to hear objections, to equalize the assessment, and to examine and receive the same, as now provided by law," and repealed all conflicting provisions.

2. SAME. *Approval thereof at illegal meeting of supervisors. Curative act of 1875.*

   An act entitled "An act legalizing the return of assessment rolls and to extend the time of returning the same," approved July 31, 1875, applied only to the return of assessment rolls, and did not have the effect to cure the action of a board of supervisors in approving an assessment roll at an illegal meeting.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action of ejectment brought by the appellees to recover a tract of land of which it is admitted they were the owners prior

62 MISS.—33

to the first Monday in March, 1879, when it was sold to the State for the taxes of 1878. The tax-title thus acquired by the State has been by several conveyances vested in the appellee, who insists upon its validity, while the appellants contend that the sale to the State was void because the assessment roll upon which it was based was not approved within six days after the meeting of the board of supervisors to examine and approve the same, as required by § 1685 of the Code of 1871. The board met on the 5th of July, 1875, continued in session till the 14th of that month, and on the last named day approved the assessment roll.

Section 1685 of the Code of 1871 provides as follows:

" The board of supervisors of each county shall hold a meeting at the court-house on the first Monday of August to hear objections, to equalize the assessment, and to examine and receive the same. The board shall examine the assessment rolls and hear and determine all exceptions thereto, and shall sit from day to day, *not exceeding six days*, until the same shall have been disposed of," etc.

Section 2 of an act approved March 6, 1875, and amendatory of § 1685 of the Code of 1870, provided "That the board of supervisors of each county shall hold a meeting at the court-house on the first Monday of July of the year 1875, and annually thereafter, after the return of the assessment books, to hear objections, to equalize the assessment, and to examine and receive the same, as now provided for by law," etc. And the third section of this act repealed all laws or parts of laws in conflict with its provisions.

In the first section of an act approved July 31, 1875, entitled "An act legalizing the return of assessment rolls and to extend the time of returning the same," it is declared, " That all assessments, both real and personal, which have been made and returned to the board of supervisors of the respective counties, and have been received and approved by said boards, either with or without changes and corrections, are hereby declared to be as valid and binding as if made within the time prescribed by law."

The parties in the court below, waived a jury and submitted the case to the judge, who rendered a judgment for the plaintiffs, and the defendant appealed.

*Birchett & Gilland,* for the appellant.

If the failure to approve the rolls within the six days was a defect and made the assessment invalid, it was cured by the act of July 31, 1875, (*vide* Acts of Special Session of 1875, p. 10), which provides " That all assessments, both real and personal, which have been made and returned to the board of supervisors of the respective counties, and have been received and approved by said boards  *  *  *  are hereby·declared to be as valid and binding as if made within the time prescribed by law."  *  *  * The legislature may' validate an illegal assessment. *Powers* v. *Penny,* 59 Miss. 5; *Cochran* v. *Baker,* 60 Miss. 282.

But by the act of March 6, 1875 (*vide* Acts of 1875, p. 51), the session of the board was not limited to six days. Several important alterations of the existing law were made by said act. It amounts to a substitution of another section in the stead of § 1685 of the Code of 1871. A meeting for hearing objections and for approval was prescribed different from the meeting required by § 1685, and the meeting so prescribed was not limited to six days, but its duration was co-extensive with its business.

*L. W. Magruder,* for the appellees.

The meeting of the board of supervisors on the 14th of July, 1875, was not authorized, and hence the attempted act of approval of the roll and the subsequent sale thereunder was void.

By § 1685 of the Code of 1871 the term of the board of supervisors at which the duty of examining the assessments was imposed was fixed to begin on the first Monday of August and its duration limited to six days. The act of 1875·changing the time of the meeting of the board to July did not have the effect to repeal so much of the code as fixed the duration of the term.

An examination of the code, § 1685, and of the amendatory act will disclose that it was the manifest purpose and intention of the legislature that said act was not only not designed as a substitute for the code, repealing it, but that many of the provisions of the code should be retained.

The act of July 31, 1875, has no application to the point in controversy. *Fanning* v. *Funches,* 60 Miss. 541.

*L. W. Magruder* also made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

The limitation contained in § 1685 of the Code of 1871, upon the right of the board of supervisors to sit, not exceeding six days, to examine the assessment rolls, was not removed by "An act to amend §§ 1684 and 1685 of the Revised Code of 1871 in relation to the returns of the assessment rolls," approved March 6, 1875, Acts, p. 50, and the action of the Board of Supervisors of Warren County in the case before us was void for want of authority to be in session when it was had.

The act entitled "An act legalizing the return of assessment rolls, etc.," approved July 31, 1875, Acts Special Session, p. 10, was not intended to cure illegal meetings by the boards of supervisors for action on assessment rolls. It was directed only to non-delivery of assessment rolls to the clerk within the prescribed time. *Fanning* v. *Funches*, 60 Miss. 541.

*Affirmed.*